IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYBIL D. ENGLISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-24-65-R |
| ) | |
| VITAL SYSTEMS SPECIALTY CARE, ) | |
| LLC, an Oklahoma Limited Liability ) | |
| Company; ) | |
| VITAL SYSTEMS SPECIALTY CARE, ) | |
| INC., an Oklahoma domestic corporation; ) | |
| VITAL SYSTEMS OF OKLAHOMA INC., ) | |
| a Oklahoma domestic corporation; and ) | |
| LARISSA BOWKER, an individual, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Larissa Bowker's Partial Motion to Dismiss [Doc. 6] the claims of Breach of Contract and Wrongful Termination against her. Parties have fully briefed the matter [Docs. 11, 15], and it is properly at issue.[1]

This case arises from an employment dispute between the parties. Plaintiff claims she was constructively terminated by Defendant Vital Systems in response to complaints she made regarding the nonpayment of overtime wages she was allegedly due. Doc. 1-1 at ¶¶ 10-21. Defendant Bowker, an individual, appears to have been Ms. English's superior

---

[1] Plaintiff stated she planned to file an Amended Complaint clarifying her claims against Defendant Bowker. Doc. 11 at 8. To do so, Plaintiff must comply with FED. R. CIV. P. 15(2) and LCvR 15.1 by obtaining either leave to amend from the Court or Defendants' written consent. Neither has occurred. Plaintiff's Response does not function as a motion for leave to amend, and Plaintiff had not requested written consent to amend from Defendants as of the date of Bowker's Reply. Doc. 15 at 3, ¶ 7. Thus, the Court rules on Defendant's Motion.

within Vital Systems and effectuated English's termination. For the purposes of this Order, Plaintiff alleges her termination breached contractual provisions created by Defendants' Employee Handbook and violated Oklahoma public policy. *Id.* at ¶¶ 34-43. Defendant Bowker moves only for dismissal of these two claims as lodged against her. The Court GRANTS Defendant's Motion.

First, Ms. Bowker is not a proper defendant for Plaintiff's Breach of Contract (Count IV) cause of action. Contracts only bind those persons or entities who are parties to the agreement. *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982). Here, Plaintiff alleges a simple employment relationship between Vital Systems and herself. Doc. 1-1 at ¶ 2. It is not alleged that Ms. Bowker was Plaintiff's employer; thus, she is not party to the employment contract. Accordingly, it is implausible that Ms. Bowker could be held liable for breaching a contract to which she was not a party. *Worman v. Farmers Co-op. Ass'n*, 4 F. Supp. 2d 1052, 1054 (D. Wyo. 1998) ("It is axiomatic that an individual not a party to a contract may not be held liable for a breach of that contract.").

Second, Ms. Bowker, an individual, cannot be held liable for Plaintiff's Wrongful Termination (Count V) cause of action—familiarly known as a *Burk* public policy tort claim—because the state of Oklahoma does not recognize individual liability in such a situation. "There is no authority for assessing liability under *Burk* against an individual supervisor or co-worker[.]" *Hunter v. Council on Firefighter Training ex rel. Oklahoma*, No. CIV-16-880, 2017 WL 2656260 at *5 (W.D. Okla. June 20, 2017); *see also Gallegly v. Cordell Mem'l Hosp. Found.*, No. CIV-22-817, 2022 WL 16936049 at *3 (W.D. Okla. Nov. 14, 2022) ("Liability for *Burk* public policy tort claims has not, however, been extended to

individuals"). Thus, Plaintiff's *Burk* cause of action fails as a matter of law against Ms. Bowker.

Plaintiff's claims against Defendant Bowker are DISMISSED WITHOUT PREJUDICE. Plaintiff may still seek leave to amend her Complaint from this Court or Defendants with respect to these causes of action. However, Plaintiff should do so only if such amendment will cure the defects the Court has identified.

**IT IS SO ORDERED** this 29th day of February 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE