**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) SYBIL D. ENGLISH, an individual; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| (1) VITAL SYSTEMS SPECIALTY ) | Case No. 24:CV-00065-R |
| CARE, LLC, an Oklahoma limited ) | |
| liability company; ) | |
| (2) VITAL SYSTEMS SPECIALTY ) | |
| CARE, INC., an Oklahoma domestic ) | |
| corporation; ) | |
| (3) VITAL SYSTEMS OF ) | |
| OKLAHOMA, INC., an Oklahoma ) | |
| domestic corporation; and ) | |
| (4) LARISSA BOWKER, an individual; ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Sybil D. English ("Plaintiff"), by and through her

undersigned attorneys of record, and with written consent of all opposing parties

pursuant to FED. R. CIV. P. 15(a)(2),[1] respectfully submits her First Amended Complaint

and causes of action against Vital Systems Specialty Care, LLC, Vital Systems

---

[1] Plaintiff previously filed an <u>Amended Complaint</u> [Doc. 20], which was stricken by Order of this Court [Doc. 21] without prejudice for lack of "indication on the record [Plaintiff] received written consent from opposing counsel." *See* <u>Order</u> [Doc. 21] filed June 20, 2024. Plaintiff represents to the Court she obtained written consent of opposing parties to file her now stricken <u>Amended Complaint</u> [Doc. 20] and that she has also obtained written consent to file the instant <u>Amended Complaint</u> [Doc. 22] in accordance with FED. R. CIV. P. 15(a)(2).

Specialty Care, Inc., Vital Systems of Oklahoma, Inc., and Larissa Bowker (hereinafter collectively, "Defendants"). Plaintiff alleges and states as follows:

This is an action for compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Sybil D. English was at all times relevant to the causes of action herein an individual, resident, and citizen of Cleveland County, State of Oklahoma.

2.      Plaintiff is a former employee of Defendants Vital Systems Specialty Care, LLC, Vital Systems Specialty Care, Inc., and/or Vital Systems of Oklahoma, Inc., ("Vital Systems").

3.      Defendant Vital Systems Specialty Care, LLC was at all times relevant to the causes of action herein a domestic limited liability company formed pursuant to the laws of the State of Oklahoma with its principal place of business in Canadian County, Oklahoma.

4.      Defendant Vital Systems Specialty Care, Inc. was at all times relevant to the causes of action herein a domestic corporation formed pursuant to the laws of the State of Oklahoma with its principal place of business in Canadian County, Oklahoma.

5.      Defendant Vital Systems of Oklahoma, Inc. was at all times relevant to the causes of action herein a domestic corporation formed pursuant to the laws of the State of Oklahoma with its principal place of business in Canadian County, Oklahoma.

6.      Defendant Larissa Bowker ("Bowker") was at all times relevant to the causes of action herein, upon information and belief, an individual, resident and citizen of Oklahoma County, State of Oklahoma.

7.      This Court has jurisdiction of this action, and venue properly lies in the District Court in and for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—7 of her First Amended Complaint as if fully set forth herein.

8.      Plaintiff was employed by one or more Vital Systems entity or entities as a Director of Nursing, beginning on or around February 5, 2018.

9.      Upon information and belief, Defendant Vital Systems has an annual dollar volume of business done of at least $500,000.00 and is a covered employer under both the FLSA.

10.     While employed with Defendant Vital Systems, Plaintiff's employment was subject to certain contractual provisions set forth in Defendants' Employee Handbook.

11.     While employed with Defendant Vital Systems, Plaintiff and other similarly situated employees were regularly assigned to work in excess of forty (40) hours per work week.

12. According to the FLSA, Defendant Vital System must pay Plaintiff one and one-half times her "regular rate" of pay for all work suffered or performed in excess of forty (40) hours during each 7-day work period.

13. During Plaintiff's employment tenure with Defendant Vital Systems, said Defendant has failed and refused to pay Plaintiff and similarly situated employees for corresponding overtime in excess of forty (40) hours per work week.

14. During the course of her employment, Plaintiff made internal complaints to Defendant-employers regarding the due and owing overtime wages owed to her and other similarly situated employees.

15. On or around late 2020, Plaintiff reported Defendants' failure to pay overtime wages and ordinary wear and tear reimbursement, due and owing to Plaintiff and other similarly situated employees, to the Department of Labor.

16. Plaintiff's report of Defendants' FLSA violations to the Department of Labor is a protected activity pursuant to § 215(3) of the FLSA.

17. During or around early 2021, Plaintiff informed Defendants that she made a report of the violation to the Department of Labor.

18. During or around mid 2021, during a meeting with Defendants, Plaintiff was told that her employment with Defendants would be terminated after she trained her replacement.

19. Defendants' promise to terminate Plaintiff's employment after training of Plaintiff's replacement was an act of constructive termination as of January 6, 2022.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO COMPENSATE OVERTIME WAGES
**(Vital Systems, Bowker)**

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—19 of her First Amended Complaint as if fully set forth herein.

20.     As a result of the Defendants' willful and purposeful violations of the FLSA, there are due and owing wages to Plaintiff.

21.     Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c) and related regulations to maintain and preserve payroll and other employment records with respect to the Plaintiff and other similarly situated employees, from which the due and owing amounts may be more precisely ascertained.

22.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to her back-pay damages for the Defendants' failure to pay overtime compensation, together with attorneys' fees and costs.

23.     The failure by Defendants to properly pay compensation owed to Plaintiff and other similarly situated employees is a knowing, willful and reckless violation of 29 U.S.C. § 207.

## COUNT II
## FAILURE TO COMPENSATE FOR WEAR AND TEAR OF VEHICLES
### (Vital Systems, Bowker)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—23 of her First Amended Complaint as if fully set forth herein.

24.    Pursuant to 29 U.S.C. § 203(m) and 29 CFR § 531.3(d), Defendants are required to compensate Plaintiff for Plaintiff's use of her own vehicle required in connection with Plaintiff's employment.

25.    Defendants refused to compensate Plaintiff and other similarly situated employees for the ordinary wear and tear of vehicles used and required in the course of their employment by Defendants.

26.    Defendants' failure to compensate or reimburse Plaintiff for the cost of ordinary wear and tear on her vehicle diminished the amount of minimum wage and/or overtime compensation Plaintiff was entitled to receive under the FLSA.

27.    By refusing to pay Plaintiff for the ordinary wear and tear of her vehicle, Defendants violated 29 U.S.C. § 203(m) and 29 CFR § 531.3(d) of the FLSA, and Plaintiff was damaged by such violation.

## COUNT III
## RETALIATORY TERMINATION IN VIOLATION OF THE FLSA
### (Vital Systems, Bowker)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—27 of her First Amended Complaint as if fully set forth herein.

28.     Plaintiff's report to the Department of Labor was a motivating factor in the constructive discharge of her employment.

29.     Defendants willfully, knowingly, and intentionally terminated Plaintiff in retaliation for Plaintiff's report.

30.     Defendants violated § 215 of the FLSA, which deems the termination of an employee for requesting overtime compensation unlawful under the FLSA.

31.     Plaintiff is entitled to payment of lost wages, liquated damages, attorneys' fees and costs as a result of Defendants' retaliatory termination.

## COUNT IV
## BREACH OF CONTRACT
### (Vital Systems)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—31 of her First Amended Complaint as if fully set forth herein.

32.     Defendant's Employee Handbook created a contractual relation between and among the parties herein.

33.     Defendants breached this contract by failing to adhere to the contractual provisions of the handbook with respect to Plaintiff's termination.

34.     Plaintiff's termination was wrongful in that it was effectuated in contravention to the contractual provisions of Defendant's Employee Handbook.

35.     As a result of Defendant's breach of contract, Plaintiff incurred damages in an amount in excess of ten thousand dollars ($10,000.00).

## COUNT V
## WRONGFUL TERMINATION / DISCHARGE
### (Vital Systems)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—35 of her First Amended Complaint as if fully set forth herein.

36.     During her tenure of employment with Vital Systems, Plaintiff faithfully and dutifully performed all of her job responsibilities but was nevertheless constructively terminated by Defendants on or around January 6, 2022.

37.     At the time of Plaintiff's termination, she had not been disciplined nor had she received any counseling or prior notice any aspect of her job performance was insufficient.

38.     Plaintiff was wrongfully discharged from her employment by Vital Systems for, among other things, reporting Vital Systems' unlawful and/or improper actions to the Department of Labor.

39.     Plaintiff's termination and discharge was wrongful and unlawful, because under Oklahoma's *Burk* tort claim for wrongful discharge, it was a violation of public policy under Oklahoma law for Vital Systems to terminate and discharge Plaintiff for reporting Vital Systems' unlawful and/or improper actions to the Department of Labor.

40.     Plaintiff's termination was wrongful in that it arose from Plaintiff's notifications to governmental entities with respect to Defendants' illegal actions.

41.     As a result of the discharge, Plaintiff has and will continue to suffer lost earnings and employment benefits and damages for mental and emotional distress.

42.     Accordingly, Plaintiff demands Judgment against Defendant for damages in excess of Ten Thousand Dollars ($10,000).

**COUNT VI**
**NEGLIGENT HIRING, SUPERVISION, TRAINING AND/OR RETENTION**
**(Vital Systems)**

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—42 of her First Amended Complaint as if fully set forth herein.

43.     Vital Systems had a duty to hire, train and supervise employees, directors, and/or agents such that none of them would cause harm or injury to Plaintiff.

44.     Vital Systems had a duty to retain only competent employees and/or directors and to discharge employees and/or directors unable to properly perform the functions of their respective stations of employment in a reasonable manner without risk of injury to others.

45.     Vital Systems negligently failed to properly hire, supervise, and/or train its employees and/or directors, such that Vital Systems' employees and/or directors failed to lawfully and properly conduct Vital Systems business according to the FLSA, and/or applicable federal and state law / regulations.

46.     In fact, Vital Systems' employees and/or directors were permitted and/or encouraged to terminate Plaintiff's employment in violation of public policy.

47.     As a result of the aforesaid wrongful termination and discharge, Plaintiff has suffered damages in an amount in excess of ten thousand dollars ($10,000.00).

## COUNT VII
## FRAUDULENT INDUCEMENT
### (Bowker)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—47 of her First Amended Complaint as if fully set forth herein.

48.     After Plaintiff's reporting of Vital Systems' improper and/or unlawful actions, Bowker induced Plaintiff to execute certain "retention documents" purporting to "release" or otherwise excuse these violations of law and/or regulations in order to continue her employment with Vital Systems.

49.     Bowker intentionally misrepresented her intent in inducing Plaintiff to execute the "retention documents" referenced in Paragraph 48 above were necessary to maintain her employment with Vital Systems.

50.     The misrepresentations made by Bowker were false and made in an effort to simultaneously shield Vital Systems from liability for its unlawful actions with regard to employee reimbursement for use of vehicles and/or violations of the FLSA.

51.     Bowker made such misrepresentations with knowledge of their falsity, intending that Plaintiff rely upon them and act thereon as a condition of her continued employment with Vital Systems.

52.     Plaintiff relied upon Bowker's misrepresentations and signed the "retention documents," believing she was required to do so to remain employed.

53.     As a direct result of the misrepresentations made to Plaintiff by Bowker, Plaintiff has suffered damages in an amount in excess of ten thousand dollars ($10,000.00).

## COUNT VIII
## VICARIOUS LIABILITY
### (Vital Systems)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—53 of her First Amended Complaint as if fully set forth herein.

54.     At all times relevant hereto, Bowker was acting within the course and scope of her employment with Vital Systems, such that vital systems should be held responsible for Bowker's actions under the theory of *respondeat superior.*

## COUNT IX
## *ULTRA VIRES* LIABILITY
### (Bowker)

Plaintiff hereby adopts, incorporates by reference, and re-alleges the allegations contained in Paragraphs 1—54 of her First Amended Complaint as if fully set forth herein.

55.     In the alternative, if it is established that Bowker's acts complained of herein were *ultra vires acts* undertaken outside the course and scope of her employment with Vital Systems, Bowker should be individually liable to Plaintiff for such *ultra vires* actions.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff prays for relief against Defendants for the full value of wages earned and due, including time worked without compensation and time worked in excess of forty (40) hours not compensated at a rate of one and one-half times Plaintiff's hourly rate. Plaintiff also prays for relief against Defendants for court costs, reasonable attorney fees, and other recoverable costs and/or expenses allowable by Oklahoma law and the FLSA, as well as any such other and further relief the Court deems just and equitable under the circumstances.

Respectfully submitted,

*/s/ Benjamin R. Grubb*

**JURY TRIAL DEMANDED**          Benjamin R. Grubb, OBA #31569
**ATTORNEY LIEN CLAIMED**       Myriah S. Downs, OBA# 32381
DEWITT, PARUOLO & MEEK
705 N.W. 4th Street
Oklahoma City, OK  73102
Telephone:  (405) 705-3600
Fax:  (405) 705-2573
bgrubb@46legal.com
mdowns@46legal.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Elaine R. Turner, OBA #13082
Hilary H. Price, OBA #35200
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900 Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
eturner@hallestill.com
hprice@hallestill.com

***ATTORNEYS FOR DEFENDANTS***


*/s/ Benjamin R. Grubb*