IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SYBIL D. ENGLISH,

    **Plaintiff,**

v.

VITAL SYSTEMS SPECIALTY CARE, LLC, an Oklahoma Limited Liability Company;
VITAL SYSTEMS SPECIALTY CARE, INC., an Oklahoma domestic corporation;
VITAL SYSTEMS OF OKLAHOMA INC., a Oklahoma domestic corporation; and
LARISSA BOWKER, an individual;

    **Defendants.**

Case No. 24-CV-00065-R

# ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LARISSA BOWKER

Larissa Bowker ("Defendant Bowker") respectfully submits her Answer and Affirmative Defenses to Plaintiff's Petition and denies each and every allegation therein except those allegations which are specifically admitted below. Defendant Bowker further states as follows:

## VENUE AND JURISDICTION

1. Defendant Bowker is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Petition and, therefore, those allegations are denied.

2. Admitted that Plaintiff is a former employee of Vital Systems of Oklahoma, Inc. Defendant Bowker denies that Plaintiff was an employee of Vital Systems Specialty

Care, LLC at any time.[1] Defendant Bowker denies any remaining allegations contained in Paragraph 2 of Plaintiff's Petition.

3. Paragraph 3 is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant.

4. Paragraph 4 is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant.

5. Paragraph 5 is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant.

6. Defendant Bowker denies the allegations contained in Paragraph 6 of Plaintiff's Petition. She is a resident and citizen of Cleveland County, not Oklahoma County.

7. Defendant Bowker denies that the District Court of Cleveland County, State of Oklahoma, has jurisdiction of this action. Plaintiff pled federal claims which are subject to federal question jurisdiction pursuant to 28 U.S.C. § 1331. On January 19, 2024, Defendants filed their Notice of Removal (Case No. 24-CV-00065-R, Dkt. No. 1) to remove this action from the District Court of Canadian County to the United States District Court for the Western District of Oklahoma.

8. Admitted that Plaintiff was employed at Defendant Vital Systems of Oklahoma, Inc.'s principal place of business in Canadian County, State of Oklahoma. Denied to the extent that Paragraph 8 of Plaintiff's Petition implies that Defendant Bowker

---

[1] Vital Systems Specialty Care, Inc. was converted into Vital Systems Specialty Care, LLC on November 13, 2018. For that reason, the two entities will be referred to jointly throughout this Answer to Petition as "Vital Systems Specialty Care, LLC.

committed any wrongdoing as alleged by Plaintiff, all such claims being denied. Defendant Bowker denies all remaining allegations contained in Paragraph 8 of Plaintiff's Petition.

9. Defendant Bowker admits venue is proper in the United States District Court for the Western District of Oklahoma. All remaining allegations are denied.

## STATEMENT OF FACTS

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

10. Defendant Bowker admits Plaintiff was hired by Vital Systems of Oklahoma, Inc. as a Director of Nursing on or about February 5, 2018. Defendant Bowker denies the remaining allegations contained in Paragraph 10 of Plaintiff's Petition. Defendant Bowker asserts Plaintiff was never employed by Defendant Bowker or Vital Systems Specialty Care, LLC.

11. Defendant Bowker admits Defendant Vital Systems of Oklahoma, Inc. had gross revenues in excess of $500,000 in 2022, and that it is a covered employer under the FLSA. Defendant Bowker denies all remaining allegations contained in Paragraph 11 of Plaintiff's Petition.

12. Defendant Bowker denies the allegations contained in Paragraph 12 of Plaintiff's Petition. Plaintiff had neither an express nor an implied contract with any of the Defendants, and the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Defendant Bowker further asserts that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Defendant Bowker or Vital Systems Specialty Care, LLC.

13. Defendant Bowker denies the allegations set forth in Paragraph 13 of Plaintiff's Petition.

14. Paragraph 14 of Plaintiff's Petition does not include any averments of fact and, therefore, no response is required. To the extent that a response is required, Defendant Bowker denies each and every allegation contained in Paragraph 14 of Plaintiff's Petition. Defendant Bowker asserts that Defendant Vital Systems of Oklahoma, Inc. at all times complied with the FLSA, paid Plaintiff all wages due and owing to her, and had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her. Defendant Bowker further asserts Plaintiff was never employed by Defendant Bowker or Vital Systems Specialty Care, LLC.

15. Defendant Bowker denies each and every allegation contained in Paragraph 15 of Plaintiff's Petition. Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Bowker asserts Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff, nor did they have any other employees.

16. Defendant Bowker admits she and Vital Systems of Oklahoma, Inc. received a memo dated May 27, 2021, which letter speaks for itself. Defendant Bowker denies each and every remaining allegation contained in Paragraph 16 of Plaintiff's Petition. Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Bowker asserts she and Defendant Vital Systems Specialty Care, LLC never employed Plaintiff, nor did they ever have any other employees.

17. Defendant Bowker denies the allegations contained in Paragraph 17 of Plaintiff's Petition. Defendant Bowker has never received any notice or information from the Department of Labor that Plaintiff ever made a report or complaint to said Department. Further, Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Bowker asserts she and Defendant Vital Systems Specialty Care, LLC never employed Plaintiff, nor did they ever have any other employees.

18. Defendant Bowker denies Plaintiff made a report to the Department of Labor and, therefore, deny the allegations set forth in Paragraph 18 of Plaintiff's Petition. Further, Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff.

19. Defendant Bowker denies the allegations contained in Paragraph 19 of Plaintiff's Petition.

20. Defendant Bowker denies the allegations contained in Paragraph 20 of Plaintiff's Petition. Defendant Bowker asserts Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff.

21. Defendant Bowker denies each and every allegation contained in Paragraph 21 of Plaintiff's Petition. Defendant Bowker asserts Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged.

Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff.

## CAUSES OF ACTION

### COUNT I

### FAILURE TO COMPENSATE OVERTIME WAGES

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

22.     Defendant Bowker denies each and every allegation contained in Paragraph 22 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments.

23.     Defendant Bowker denies the allegations contained in Paragraph 23 of Plaintiff's Petition as stated. Defendant Bowker never employed Plaintiff nor any other individual.  Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments.

24.     Defendant Bowker denies the allegations contained in Paragraph 24 of Plaintiff's Petition. Defendant Bowker denies that Plaintiff is entitled to any relief

6

whatsoever, including the relief requested in Paragraph 24. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

25. Defendant Bowker denies the allegations contained in Paragraph 25 of Plaintiff's Petition. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

## COUNT II

**FAILURE TO COMPENSATE FOR WEAR AND TEAR OF VEHICLES**

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

7

20408552.1:830503.01541

26. Defendant Bowker denies the allegations contained in Paragraph 26 of Plaintiff's Petition. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA.

27. Defendant Bowker denies the allegations contained in Paragraph 27 of Plaintiff's Petition. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her and Plaintiff had no entitlement to any additional payments.

28. Defendant Bowker denies each and every allegation contained in Paragraph 28 of Plaintiff's Petition. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her and Plaintiff had no entitlement to any additional payments.

29. Defendant Bowker denies each and every allegation contained in Paragraph 29 of Plaintiff's Petition. Defendant Bowker and Vital Systems Specialty Care, LLC never employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or

exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her and Plaintiff had no entitlement to any additional payments.

## COUNT III

## RETALIATORY TERMINATION IN VIOLATION OF THE FLSA

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

30. Defendant Bowker denies Plaintiff made a report to the Department of Labor and further denies the remaining allegations contained in Paragraph 30 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. Defendant Bowker also asserts she did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

31. Defendant Bowker denies Plaintiff made a report to the Department of Labor and further denies the remaining allegations contained in Paragraph 31 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. Defendant Bowker also asserts she did not have or exert sufficient control, power or authority to be subject to individual

liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

32. Defendant Bowker denies the allegations contained in Paragraph 32 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. Defendant Bowker also asserts she did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

33. Defendant Bowker denies the allegations contained in Paragraph 33 of Plaintiff's Petition. Defendant Bowker denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in Paragraph 33 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. Defendant Bowker also asserts she did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

20408552.1:830503.01541

## COUNT IV

## BREACH OF CONTRACT

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

34. Defendant Bowker denies the allegations contained in Paragraph 34 of Plaintiff's Petition. Defendant Bowker asserts that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual.

35. Defendant Bowker denies each and every allegation contained in Paragraph 35 of Plaintiff's Petition. Defendant Bowker asserts that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any other individual. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not discharged.

36. Defendant Bowker denies each and every allegation contained in Paragraph 36 of Plaintiff's Petition. Defendant Bowker asserts that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Defendant Bowker further asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff nor any

other individual. In addition, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not discharged.

37. Defendant Bowker denies Plaintiff's breach of contract claims and further denies the remaining allegations contained in Paragraph 37 of Plaintiff's Petition. Defendant Bowker denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in Paragraph 37 of Plaintiff's Petition.

## COUNT V

## WRONGFUL TERMINATION

Defendant Bowker incorporates herein her responses to the preceding Paragraphs of the Petition.

38. Defendant Bowker denies the allegations contained in Paragraph 38 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

39. Defendant Bowker denies all allegations contained in Paragraph 39 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

40. Defendant Bowker denies Plaintiff made any reports to governmental entities, denies committing any illegal actions and further denies the remaining allegations contained in Paragraph 40 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

41. Defendant Bowker denies each and every allegation contained in Paragraph 41 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

42. Defendant Bowker denies the allegations contained in Paragraph 42 of Plaintiff's Petition. Defendant Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

43. Defendant Bowker denies the allegations contained in Paragraph 43 of Plaintiff's Petition. Defendant Bowker denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 43 of Plaintiff's Petition. Defendant

Bowker asserts neither she nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff. Additionally, Plaintiff voluntarily resigned her employment with Vital Systems of Oklahoma, Inc. and was not constructively discharged. All actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

Regarding the allegations in the unnumbered paragraph beginning with the word "WHEREFORE" in the Conclusion of the Petition, Defendant Bowker asserts that the Plaintiff is not entitled to any relief whatsoever including the relief sought in the Petition.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Bowker realleges and incorporates by reference herein all previously stated paragraphs and further states as follows:

1. Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. Defendant Bowker was not Plaintiff's employer and never employed her at any time. Defendant is not an employer as defined by the FLSA and is not an employer engaged in interstate commerce.

3. Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA.

4. Alternatively, and without admitting having employed Plaintiff or that any violations occurred, Defendant Bowker did not violate any provisions of the FLSA with respect to Plaintiff and has, at all times, met or exceeded any duties she may have under the FLSA with respect to Plaintiff's employment.

20408552.1:830503.01541

5. Plaintiff's claims are barred to the extent Plaintiff was exempt from the provisions of the FLSA.

6. All amounts due and owing to Plaintiff have been paid.

7. Plaintiff cannot establish that any acts or omissions of Defendant Bowker were willful under the FLSA.

8. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations. Defendant Bowker has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine the totality of the claims that she asserts herein and whether such claims were timely filed with this Court. Such matters are within Plaintiff's control and will become known during discovery.

9. Alternatively, and without admitting any violations occurred, Defendant Bowker had an honest and sincere belief that the FLSA had been complied with and that Plaintiff had no entitlement to additional payments under the FLSA. Further, Defendant Bowker did not engage in any willful behavior that would support lengthening the FLSA statute of limitations to three years and/or the imposition of liquidated damages.

10. Alternatively, and without admitting any violations occurred, Plaintiff's claims under the FLSA are barred to the extent that Defendant Bowker's actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

11. Alternatively, and without admitting any violations occurred, Plaintiff would only be entitled to compensation, if any, for time spent actually working; preliminary and post-preliminary work is not compensable under the FLSA.

12. Alternatively, and without admitting any violations occurred, Plaintiff performed activities which were at all times exempt from the minimum wage and maximum hours provisions of the FLSA because she was an exempt executive and/or administrative employee. *See* 29 U.S.C. § 213. Section 213(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, and administrative employees. Plaintiff did not perform blue collar or manual labor.

13. At no time did Defendant Bowker have any contract with Plaintiff.

14. To the extent there is a contract found to exist between Plaintiff and any of the Defendants, said claims are barred, in whole or in part, to the extent Plaintiff is in material breach of the contract.

15. Plaintiff's breach of contract claims are barred, in whole or in part, by the statute of frauds, failure of consideration, lack of consideration, mutual and unilateral mistake, novation, impossibility of performance and frustration of purpose. Among other things, the parties did not enter into an agreement, oral or written, to employ Plaintiff.

16. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

17. Plaintiff's claims for the wages and payments she seeks in this lawsuit have been previously released via written agreement.

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of credit, setoff and/or recoupment.

19. Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment, waiver, estoppel, ratification, consent, acquiescence, and unclean hands.

16

20. Defendant Bowker's actions, if any, regarding the FLSA were accomplished pursuant to reasonable and good faith reliance on advice of counsel Lisa M. Molsbee.

21. Defendant Bowker at all times acted in good faith and with a reasonable belief that she was acting in conformity with Oklahoma public policy and law.

22. If and to the extent Plaintiff has been damaged, which Defendant Bowker denies, Plaintiff, by the exercise of reasonable diligence or otherwise, could have mitigated her damages but did not, and Plaintiff is therefore barred from recovery. Alternatively, any damages sustained by Plaintiff, which Defendant Bowker denies, must be reduced by the amount that such damages would have been reduced had Plaintiff exercised reasonable diligence in mitigating her damages. Plaintiff has not yet provided Defendant Bowker with a calculation of alleged damages and Defendant Bowker has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine what efforts Plaintiff made to find other employment. Facts pertaining to Plaintiff's efforts to mitigate her alleged damages are within Plaintiff's control and will become known during discovery.

23. Defendant Bowker has not engaged in any conduct which would justify the imposition of punitive or liquidated damages and Plaintiff is not entitled to an award of punitive or liquidated damages. Further, Defendant Bowker's actions were taken in good faith and Defendant Bowker had reasonable grounds to believe that actions taken, if any, with respect to Plaintiff were not in violation of the laws alleged.

24. In the absence of clear and convincing evidence of ill will, spite, malice, willful and wanton conduct, any award of punitive and/or liquidated damages would violate the Constitutions of the United States and Oklahoma.

25. Plaintiff's claims for damages may also be barred, in whole or in part, by the after-acquired evidence doctrine. After Plaintiff resigned her employment, Defendant Bowker discovered that a number of client referral sources had ceased to refer patients to the company because of Plaintiff's rude and unprofessional behavior towards them. It also discovered Plaintiff was, without authorization, turning down referrals. Had this information been known prior to her resignation, Plaintiff would have been terminated from employment by the company for these reasons.

26. Any damages suffered by Plaintiff is a proximate result of Plaintiff's own conduct or the acts or omissions of others over whom Defendant Bowker has no control and were in no way caused or otherwise attributable to Defendant Bowker. Accordingly, any damages should either be denied completely, or apportioned according to the evidence.

## RESERVATION OF RIGHTS

27. Defendant Bowker expressly reserves and asserts all affirmative defenses available under any applicable law. In the event that discovery or other means indicate that such additional defenses would be applicable, Defendant Bowker reserves her right to supplement her Answer and to assert additional Affirmative Defenses and to add any omitted counterclaims or third-party claims in accordance with FED. R. CIV. P. 14 and 15(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendant Bowker respectfully prays that the Court dismiss this action with prejudice, enter judgment in her favor, award Defendant Bowker's attorneys'

fees, costs and expenses incurred in defense hereof and any further relief that the Court deems just and necessary.

                Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

s/*Elaine R. Turner*
Elaine R. Turner, OBA #13082
Hilary H. Price, OBA #35200
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
eturner@hallestill.com
hprice@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

20408552.1:830503.01541

## CERTIFICATE OF MAILING

I hereby certify that on this 8th day of July 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant[s]:

> Benjamin R. Grubb
> Myriah S. Downs
> DEWITT, PARUOLO & MEEK
> 705 N.W. 4th Street
> Oklahoma City, OK 73102
> Telephone: (405) 705-3600
> Facsimile: (405) 705-2573
> bgrubb@46legal.com
> mdowns@46legal.com
>
> **ATTORNEYS FOR PLAINTIFF**

/s/ *Elaine R. Turner*
Elaine R. Turner

20408552.1:830503.01541