## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) SYBIL D. ENGLISH, an individual;** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CV-00065-R** |
| **(1) VITAL SYSTEMS SPECIALTY CARE, LLC, an Oklahoma limited liability company;** | |
| **(2) VITAL SYSTEMS SPECIALTY CARE, INC., an Oklahoma domestic corporation;** | |
| **(3) VITAL SYSTEMS OF OKLAHOMA INC., an Oklahoma domestic corporation; and** | |
| **(4) LARISSA BOWKER, an individual;** | |
| **Defendants.** | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Vital Systems of Oklahoma, Inc., Vital Systems Specialty Care, LLC[1] (together, the "Entity Defendants") and Larissa Bowker ("Defendant Bowker") (collectively, the "Defendants") respectfully submit their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and deny each and every allegation therein except those allegations which are specifically admitted below. Defendants further state as follows:

## VENUE AND JURISDICTION

---

[1] Vital Systems Specialty Care, Inc. was converted into Vital Systems Specialty Care, LLC on November 13, 2018. For this reason, the two entities will be referred to jointly throughout this Answer to First Amended Complaint as "Vital Systems Specialty Care, LLC."

1.      Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint and, therefore, those allegations are denied.

2.      Admitted that Plaintiff is a former employee of Vital Systems of Oklahoma, Inc. Defendants deny that Plaintiff was an employee of Vital Systems Specialty Care, LLC at any time. Defendants deny any remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint. Defendants assert that Plaintiff was, at all times, an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit. Paragraph 2 of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant.

3.      Defendant Vital Systems Specialty Care, LLC admits it is a domestic limited liability company formed under Oklahoma law with its principal place of business in Canadian County, Oklahoma. Paragraph 3 of Plaintiff's First Amended Complaint is not asserted against Defendant Vital Systems of Oklahoma, Inc. or Defendant Bowker and, therefore, no response is required of these Defendants.

4.      Defendants deny that Vital Systems Specialty Care, Inc. was at all times relevant to the causes of action herein a domestic corporation formed pursuant to the laws of the State of Oklahoma with its principal place of business in Canadian County, Oklahoma. As stated *supra* at p.1, n. 1, Vital Systems Specialty Care, Inc. was converted into Vital Systems Specialty Care, LLC on November 13, 2018, and no longer exists. As a result, it is not the proper party to this suit.

5.     Defendant Vital Systems of Oklahoma, Inc. admits that it was at all times relevant, a domestic corporation formed pursuant to the laws of the State of Oklahoma with its principal place of business in Canadian County, Oklahoma. Paragraph 5 of Plaintiff's First Amended Complaint is not asserted against Defendant Vital Systems Specialty Care, LLC or Defendant Bowker and, therefore, no response is required of these Defendants.

6.     Defendant Bowker denies the allegations contained in Paragraph 6 Plaintiff's First Amended Complaint. She is a resident and citizen of Cleveland County, not Oklahoma County. Paragraph 6 of the First Amended Complaint is not asserted against Vital Systems of Oklahoma, Inc. or Vital Systems Specialty Care, LLC and, therefore, no response is required of these Defendants.

7.     Defendants admit jurisdiction and venue are proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

8.     Admitted that Plaintiff was employed as a Director of Nursing at Defendant Vital Systems of Oklahoma, Inc., beginning on or around February 5, 2018. Defendants further assert that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit.

9.     Defendant Vital Systems of Oklahoma, Inc. admits it had gross revenues in excess of $500,000.00 in 2022, and that it is a covered employer under the FLSA.

3

Defendants deny all remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint. Defendants assert Plaintiff was never employed by Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint. Plaintiff had neither an express nor an implied contract with any of the Defendants, and the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Defendants further assert that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit.

11.     Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint.

12.     Paragraph 12 of Plaintiff's First Amended Complaint does not include any averments of fact and, therefore, no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 12 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts it, at all times, complied with the FLSA, paid Plaintiff all wages due and owing to her, and it had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her. Defendants further assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC and, therefore, it is not the proper party to this suit.

13.     Defendants deny each and every allegation contained in Paragraph 13 of Plaintiff's First Amended Complaint. Plaintiff and all other employees of Vital Systems of

Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Vital Systems Specialty Care, LLC never employed Plaintiff, nor did it ever have any other employees.

14.    Defendant Vital Systems of Oklahoma, Inc. admits that it received a memo dated May 27, 2021, which letter speaks for itself. Defendants deny each and every remaining allegation contained in Paragraph 14 of Plaintiff's First Amended Complaint. Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Neither Defendant Bowker nor Defendant Vital Systems Specialty Care, LLC ever employed Plaintiff, nor did they ever have any other employees.

15.    Defendants deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint. Defendants have never received any notice or information from the Department of Labor or otherwise that Plaintiff made a report or complaint to said Department. Further, Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Vital Systems Specialty Care, LLC never employed Plaintiff, nor did it ever have any other employees.

16.    Defendants deny Plaintiff made a report to the Department of Labor and, therefore, deny the allegations set forth in Paragraph 16 of Plaintiff's First Amended Complaint.  Further, Plaintiff and all other employees of Vital Systems of Oklahoma, Inc. have been paid all sums due and owing to them. Defendant Vital Systems Specialty Care, LLC never employed Plaintiff, nor did it ever have any other employees.

17.    Defendants deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

20389660.1:830503.01541

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company. Defendant Vital Systems Specialty Care, LLC and Defendant Bowker never employed Plaintiff, nor did they ever have any other employees.

19.     Defendants deny each and every allegation contained in Paragraph 19 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems Specialty Care, LLC and Defendant Bowker never employed Plaintiff, nor did they ever have any other employees.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO COMPENSATE OVERTIME WAGES
### (Vital Systems, Bowker)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

20.     Defendants deny each and every allegation contained in Paragraph 20 of Plaintiff's First Amended Complaint. Defendants assert Plaintiff was never employed by Defendant Bowker nor Vital Systems Specialty Care, LLC. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments.

6

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint as stated. Defendants assert Plaintiff was never employed by Defendant Bowker nor Vital Systems Specialty Care, LLC. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 22. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with

7

the FLSA, hand an honest and sincere belief that Plaintiff was paid all wages due and owing to her and Plaintiff had no entitlement to any additional payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

## COUNT II
## FAILURE TO COMPENSATE FOR WEAR AND TEAR OF VEHICLES
### (Vital Systems, Bowker)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Defendants assert that Plaintiff was paid all compensation due and owing to her. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint. Defendants assert neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff and other employees were paid all amounts due and owing to them and Plaintiff had no entitlement to any additional payments.

20389660.1:830503.01541

26.    Defendants deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her and Plaintiff had no entitlement to any additional payments.

27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient control power or authority to be subject to individual liability under the FLSA. Defendants at all times complied with the FLSA, had an honest and sincere belief that Plaintiff was paid all amounts due and owing to her and Plaintiff had no entitlement to any additional payments.

## COUNT III
## RETALIATORY TERMINATION IN VIOLATION OF THE FLSA
### (Vital Systems, Bowker)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

28.    Defendants deny Plaintiff made a report to the Department of Labor and further deny the remaining allegations contained in Paragraph 28 of Plaintiff's Amended First Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further,

Defendant Bowker did not have or exert sufficient power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Defendant Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

29.    Defendants deny Plaintiff made a report to the Department of Labor and further deny the remaining allegations contained in Paragraph 29 of Plaintiff's Amended First Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Defendant Vital Systems of Oklahoma Inc. and was not constructively discharged.  Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Defendant Vital Systems of Oklahoma, Inc. and was not constructively discharged.  Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

20389660.1:830503.01541

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 31 of Plaintiff's First Amended Complaint. Defendants assert that neither Defendant Vital Systems Specialty Care, LLC nor Defendant Bowker ever employed Plaintiff nor any other individual. Further, Defendant Bowker did not have or exert sufficient power or authority to be subject to individual liability under the FLSA. In addition, Plaintiff voluntarily resigned her employment with Defendant Vital Systems of Oklahoma, Inc. and was not constructively discharged. Actions, if any, taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.

## COUNT IV
## BREACH OF CONTRACT
### (Vital Systems)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

32.     The Entity Defendants deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint. The Entity Defendants assert that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. The Entity Defendants further assert that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit. Count IV of Plaintiff's First

Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

33.     The Entity Defendants deny each and every allegation contained in Paragraph 33 of Plaintiff's First Amended Complaint. The Entity Defendants assert that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Vital Systems of Oklahoma, Inc. further asserts that Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. The Entity Defendants further assert that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit. Count IV of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

34.     The Entity Defendants deny each and every allegation contained in Paragraph 34 of Plaintiff's First Amended Complaint. The Entity Defendants assert that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Vital Systems of Oklahoma, Inc. further asserts that Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. The Entity Defendants further assert that, at all times, Plaintiff was an employee of Vital Systems of Oklahoma, Inc., not Vital Systems Specialty Care, LLC. Therefore, Vital Systems Specialty Care, LLC is not the proper party to this suit. Count IV of Plaintiff's First

Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

35.     The Entity Defendants deny Plaintiff's breach of contract claims and further deny the remaining allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint. The Entity Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 35 of Plaintiff's First Amended Complaint. The Entity Defendants assert that Plaintiff had neither an express nor an implied contract with any of the Defendants, and that the Employee Handbook of Vital Systems of Oklahoma, Inc. is not a contract. Count IV of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied

**COUNT V**
**WRONGFUL TERMINATION / DISCHARGE**
**(Vital Systems)**

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

36.     The Entity Defendants deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.  Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted

against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

37.     The Entity Defendants deny all allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons.  Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

38.     The Entity Defendants deny Plaintiff made any reports to governmental entities, deny committing any illegal actions and further deny the remaining allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged.  Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons. Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

20389660.1:830503.01541

39.     The Entity Defendants deny Plaintiff made any reports to governmental entities, deny committing any illegal actions and further deny the remaining allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons. Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

40.     The Entity Defendants deny Plaintiff made any reports to governmental entities, deny committing any illegal actions and further deny the remaining allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons. Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

41.     The Entity Defendants deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint. The Entity Defendants deny that Plaintiff is entitled

to any relief whatsoever, including the relief sought in Paragraph 41 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. Defendant Vital Systems of Oklahoma, Inc. further asserts that all actions taken with respect to Plaintiff's employment were taken in good faith and for legitimate nonretaliatory business reasons. Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

42.     The Entity Defendants deny Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 42 of Plaintiff's First Amended Complaint. Count V of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

## COUNT VI
## NEGLIGENT HIRING, SUPERVISION, TRAINING AND/OR RETENTION
### (Vital Systems)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

43.     The Entity Defendants deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and further deny Plaintiff was caused harm or injury as she alleges. The Entity Defendants assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VI of Plaintiff's First Amended Complaint is

not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

44.    The Entity Defendants deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and further deny Plaintiff was caused harm or injury as she alleges. The Entity Defendants assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VI of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

45.    The Entity Defendants deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. at all times, met or exceeded any duties it may have under the FLSA with respect to Plaintiff and/or applicable federal and state laws/regulations. The Entity Defendants assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VI of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

46.    The Entity Defendants deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint. Defendant Vital Systems Specialty Care, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not discharged. The Entity Defendants assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VI of Plaintiff's First Amended Complaint is not asserted

17

against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

47.    The Entity Defendants deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint. Defendant Vital Systems Specialty Care, Inc. asserts Plaintiff voluntarily resigned her employment with the company and was not constructively discharged. The Entity Defendants further deny Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 47 of Plaintiff's First Amended Complaint. The Entity Defendants assert Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VI of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

**COUNT VII**
**FRADULENT INDUCEMENT**
**(Bowker)**

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

48.    Defendant Bowker denies Plaintiff made a report to the Department of Labor and further denies the remaining allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint. Count VII of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

49.    Defendant Bowker denies the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint. Count VII of Plaintiff's First Amended Complaint is

20389660.1:830503.01541

not asserted against the entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

50.    Defendant Bowker denies the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint. Defendant Vital Systems of Oklahoma, Inc. at all times, met or exceeded any duties it may have under the FLSA with respect to Plaintiff. Count VII of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

51.    Defendant Bowker denies the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint. Count VII of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

52.    Defendant Bowker denies the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint. Count VII of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

53.    Defendant Bowker denies the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint. Defendant Bowker further denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraph 53 of Plaintiff's First Amended Complaint. Count VII of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

20389660.1:830503.01541

## COUNT VIII
## VICARIOUS LIABILITY
### (Vital Systems)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

54.    The Entity Defendants deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint. Plaintiff was never employed by Defendant Vital Systems Specialty Care, LLC. Count VIII of Plaintiff's First Amended Complaint is not asserted against Defendant Bowker and, therefore, no response is required of this Defendant. To the extent a response is required, all allegations are denied.

## COUNT IX
## *ULTRA VIRES* LIABILITY
### (Bowker)

Defendants incorporate herein their responses to the preceding Paragraphs of the First Amended Complaint.

55.    Defendant Bowker denies the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint. Count IX of Plaintiff's First Amended Complaint is not asserted against the Entity Defendants and, therefore, no response is required of these Defendants. To the extent a response is required, all allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants reallege and incorporate by reference herein all previously stated paragraphs and further states as follows:

1.    Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

20389660.1:830503.01541

2.      Defendant Vital Systems Specialty Care, LLC was not Plaintiff's employer and never employed her at any time. Defendant Vital Systems Specialty Care, LLC is not an employer as defined by the FLSA and is not an employer engaged in interstate commerce.

3.      Alternatively, and without admitting having employed Plaintiff or that any violations occurred, Defendant Vital Systems Specialty Care, LLC did not violate any provisions of the FLSA with respect to Plaintiff.

4.      Defendant Bowker was not Plaintiff's employer and never employed her at any time. Defendant Bowker is not an employer as defined by the FLSA and is not an employer engaged in interstate commerce.

5.      Defendant Bowker did not have or exert sufficient control, power or authority to be subject to individual liability under the FLSA.

6.      Alternatively, and without admitting having employed Plaintiff or that any violations occurred, Defendant Bowker did not violate any provisions of the FLSA with respect to Plaintiff and has, at all times, met or exceeded any duties she may have under the FLSA with respect to Plaintiff's employment.

7.      Defendant Vital Systems of Oklahoma, Inc. has, at all times, met or exceeded any duties it may have under the FLSA with respect to Plaintiff's employment.

8.      Plaintiff's claims are barred to the extent Plaintiff was exempt from the provisions of the FLSA.

9.      All amounts due and owing to Plaintiff have been paid.

10.    Plaintiff cannot establish that any acts or omissions of Defendants were willful under the FLSA.

11.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations. Defendants have not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine the totality of the claims that she asserts herein and whether such claims were timely filed with this Court. Such matters are within Plaintiff's control and will become known during discovery.

12.    Alternatively, and without admitting any violations occurred, Defendants had an honest and sincere belief that the FLSA had been complied with and that Plaintiff had no entitlement to additional payments under the FLSA. Further, Defendants did not engage in any willful behavior that would support lengthening the FLSA statute of limitations to three years and/or the imposition of liquidated damages.

13.    Alternatively, and without admitting any violations occurred, Plaintiff's claims under the FLSA are barred to the extent that Defendants' actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

14.    Alternatively, and without admitting any violations occurred, Plaintiff would only be entitled to compensation, if any, for time spent actually working; preliminary and post-preliminary work is not compensable under the FLSA.

15.    Alternatively, and without admitting any violations occurred, Plaintiff performed activities which were exempt from the minimum wage and maximum hours provisions of the FLSA because she was an exempt executive and/or administrative

employee. *See* 29 U.S.C. § 213. Section 213(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, and administrative employees. Plaintiff did not perform blue collar or manual labor.

16.    At no time did any of the Defendants have any contract with Plaintiff.

17.    To the extent there is a contract found to exist between Plaintiff and any of the Defendants, said claims are barred, in whole or in part, to the extent Plaintiff is in material breach of the contract.

18.    Plaintiff's breach of contract claims are barred, in whole or in part, by the statute of frauds, failure of consideration, lack of consideration, mutual and unilateral mistake, novation, impossibility of performance and frustration of purpose. Among other things, the parties did not enter into an agreement, oral or written, to employ Plaintiff.

19.    Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

20.    Plaintiff's claims for the wages and payments she seeks in this lawsuit have been previously released via written agreement.

21.    Plaintiff's claims are barred, in whole or in part, by the doctrines of credit, setoff and/or recoupment.

22.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment, waiver, estoppel, ratification, consent, acquiescence, and unclean hands.

23.    Defendants' actions regarding the FLSA were accomplished pursuant to reasonable and good faith reliance on advice of counsel Lisa M. Molsbee.

24.     Defendants at all times acted in good faith and with a reasonable belief that each was acting in conformity with Oklahoma public policy and law.

25.     If and to the extent Plaintiff has been damaged, which Defendants deny, Plaintiff, by the exercise of reasonable diligence or otherwise, could have mitigated her damages but did not, and Plaintiff is therefore barred from recovery. Alternatively, any damages sustained by Plaintiff, which Defendants deny, must be reduced by the amount that such damages would have been reduced had Plaintiff exercised reasonable diligence in mitigating her damages. Plaintiff has not yet provided Defendants with a calculation of alleged damages and Defendants have not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine what efforts Plaintiff made to find other employment. Facts pertaining to Plaintiff's efforts to mitigate her alleged damages are within Plaintiff's control and will become known during discovery.

26.     Defendants have not engaged in any conduct which would justify the imposition of punitive or liquidated damages. Further, Defendants' actions were taken in good faith and Defendants had reasonable grounds to believe that actions taken, if any, with respect to Plaintiff were not in violation of the laws alleged.

27.     In the absence of clear and convincing evidence of ill will, spite, malice, willful and wanton conduct, any award of punitive and/or liquidated damages would violate the Constitutions of the United States and Oklahoma.

28.     Defendants made no false or material misrepresentations to Plaintiff or any other employees. Plaintiff cannot prove by clear and convincing evidence her claims of fraudulent inducement.

29.    At all times Defendant Bowker was acting within the course and scope of her employment with Vital Systems of Oklahoma, Inc.

30.    Plaintiff's claims for damages would also be barred, in whole or in part, by the after-acquired evidence doctrine. After Plaintiff resigned her employment, Defendant Vital Systems of Oklahoma, Inc. discovered that a number of client referral sources had ceased to refer patients to the company because of Plaintiff's rude and unprofessional behavior toward them. It also discovered Plaintiff was, without authorization, turning down referrals. Had this information been known prior to her resignation, Plaintiff would have been terminated by employment for these reasons.

31.    Any damages suffered by Plaintiff are a proximate result of Plaintiff's own conduct or the acts or omissions of others over whom Defendants have no control and were in no way caused by or otherwise attributable to Defendants. Accordingly, any damages should either be denied completely, or apportioned according to the evidence.

## RESERVATION OF RIGHTS

32.    Defendants expressly reserve and assert all affirmative defenses available under any applicable law. In the event that discovery or other means indicate that such additional defenses would be applicable, Defendants reserve their right to supplement their Answer and to assert additional Affirmative Defenses and to add any omitted counterclaims or third-party claims in accordance with FED. R. CIV. P. 14 and 15(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray that the Court dismiss this action with prejudice, enter judgment in their favor, award Defendants' attorneys' fees, costs and expenses incurred in defense hereof and any further relief that the Court deems just and necessary.

Respectfully submitted,

**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**


s/*Elaine R. Turner*
Elaine R. Turner, OBA #13082
Hilary H. Price, OBA #35200
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
eturner@hallestill.com
hprice@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF MAILING

I hereby certify that on this 11th day of July, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant[s]:

> Benajamin R. Grubb
> Myriah S. Downs
> DEWITT, PARUOLO & MEEK
> 705 N.W. 4th Street
> Oklahoma City, OK 73102
> Telephone: (405) 705-3600
> Facsimile: (405) 705-2573
> bgrubb@46legal.com
>
> **ATTORNEYS FOR PLAINTIFF**

_/s/ Elaine R. Turner_

Elaine R. Turner